QUESTION: Can a municipality levy regulatory fees on insurance agents and representatives under s. 166.221, F. S., where such agents or representatives reside in and conduct business activities within that municipality but do not maintain a permanent business location or branch office therein?
SUMMARY: Regulatory licensing of insurance agents is preempted to the state under s. 624.401(3), F. S., and municipalities therefore have no power to levy regulatory fees on such persons under s.166.221, F. S. Your question is answered in the negative. Section166.221, F. S., authorizes municipalities to levy regulatory fees, commensurate with the cost of the regulatory activity, on businesses, but s. 624.401(3), F. S., preempts the field of regulating insurers and their agents and representatives and operates to prohibit their regulation by municipalities and other local governments. Cf. AGO 074-209. Section 166.221, F. S., provides: A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions, and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter. (Emphasis supplied.) This provision empowers a municipality to levy regulatory fees on persons who do not maintain a permanent business location or branch office within the municipality. See AGO 076-30, which dealt generally with the authority of a municipality to levy regulatory fees but did not consider the question of state preemption of any particular regulatory activity or field and did not purport to resolve the issue of whether a particular exaction of a regulatory fee was valid or met the legal requirements prerequisite to the levying of such fees. That opinion does not apply to or control the levying of regulatory fees on insurance agents and representatives. Likewise, s.624.507, F. S., which authorizes municipalities to levy an occupational license tax on insurance agents and solicitors maintaining business offices (or residences, if no business office is required by law) within their boundaries does not govern the levying of regulatory fees under s. 166.221. Concerning municipal license taxation of insurance agents and solicitors, see AGO 074-209. Section 624.401(3), F. S., expressly preempts to the state the regulatory licensing of insurers and their agents and representatives within the meaning of ss. 166.021(3)(c) and166.221, F. S. Section 624.401(3) reads: This state hereby preempts the field of regulating insurers and their agents and representatives, and no county, city, municipality, district, school district, or political subdivision shall require of any insurer, agent, or representative regulated under this code any authorization, permit, or registration of any kind for conducting transactions lawful under the authority granted by the state under this code. Therefore, a municipality is without lawful authority to levy regulatory fees on insurance agents and representatives under s. 166.221, F. S., and, pursuant to s. 624.401, F. S., is prohibited from requiring any regulatory occupational license or permit of any insurer, agent, or representative regulated under the Florida Insurance Code, Chs. 624 through 632, F. S., for conducting transactions authorized by and lawful under that code.